ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2019 APR 10 PM 2: 26

DEPUTY CLERK _____

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL NO. |
| SEAN SHAUGHNESSY | **3-19CR-189-L** |

## INDICTMENT

The Grand Jury Charges:

### Introduction

At all times material to this indictment:

1. The "deep web" is the portion of the Internet not indexed by search engines, such as internal networks belonging to private industry, government agencies, or academic institutions. The "dark web" is a portion of the deep web that has been intentionally hidden and is inaccessible through standard web browsers.

2. To access the dark web, individuals must use specialized software to access content and websites. Within the dark web, criminal marketplaces operate, allowing individuals to buy and sell illegal items, such as drugs, firearms, and other hazardous materials, with greater anonymity than is possible on the traditional Internet (sometimes called the "clear web" or simply the "web"). These online market websites use a variety of encryption technologies to ensure that communications and transactions are shielded from interception and monitoring, and operate similarly to clear web commercial websites such

as Amazon or eBay, but offer illicit goods and services.

3. "Vendors" are the dark web's sellers of goods and services, often of an illicit nature, and they do so through the creation and operation of "vendor accounts" on dark web marketplaces (DWMs). Customers, meanwhile, operate "customer accounts." Vendor and customer accounts are not identified by numbers, but rather monikers or "handles," much like the username a person would use on a clear web site.

4. If a moniker on a particular marketplace has not already been registered by another user, vendors and customers can use the same moniker across multiple marketplaces, and based on seller and customer reviews, can become well known as "trusted" vendors or customers.

5. It is possible for the same person to operate multiple customer accounts and multiple vendor accounts at the same time. For example, one person could have a vendor account that he or she uses to sell illegal goods on a dark web marketplace in exchange for cryptocurrency; that same vendor could also have a different customer account that he or she uses to exchange cryptocurrency earned from vendor sales for fiat currency. Because they are separate accounts, a person could use different accounts to send and receive the same cryptocurrency on the dark web.

6. Fiat currency is any money declared by a government to be legal tender. Cryptocurrency, a type of virtual currency, is a decentralized, peer to peer, network-based medium of value or exchange that may be used as a substitute for fiat currency to buy goods or services, or exchanged for fiat currency or other cryptocurrencies. Examples of cryptocurrency are bitcoin, litecoin, and ether.

Indictment Sean Shaughnessy - pg. 2

7. Cryptocurrency can exist digitally on the Internet, in an electronic storage device, or in cloud-based servers. Although not usually stored in any physical form, public and private keys used to transfer cryptocurrency from one person or place to another can be printed or written on a piece of paper or other tangible object.

8. Cryptocurrency can be exchanged directly person to person, through a cryptocurrency exchange, or through other intermediaries. Generally, cryptocurrency is not issued by any government, bank, or company; it is instead generated and controlled through computer software operating on a decentralized peer-to-peer network. Cryptocurrencies operate on a "blockchain," which is a distributed public ledger, run by a decentralized network, containing an immutable and historical record of every transaction.

9. Bitcoin is a type of cryptocurrency. Payments or transfers of value made with bitcoin are recorded in the bitcoin blockchain and thus are not maintained by any single administrator or entity. Individuals can acquire bitcoin through mining, exchanges (i.e., online companies which allow individuals to purchase or sell cryptocurrencies in exchange for fiat currencies or other cryptocurrencies), bitcoin kiosks (similar to ATMs), or directly from other people.

10. Individuals can send and receive cryptocurrencies online using many types of electronic devices, including laptop computers and smart phones. Even though the public addresses of those engaging in cryptocurrency transactions are recorded on a blockchain, the identities of the individuals or entities behind the public addresses are not recorded on these public ledgers.

11. Utilizing the dark web, **Sean Shaughnessy**, the defendant, created vendor

accounts on DWMs, in order to sell fentanyl and fentanyl analogues, in the Northern District of Texas and elsewhere.

12. These DWMs include cryptocurrency-based payment systems that served to facilitate the illegal commerce conducted on the site, including by concealing the identities and locations of the users transmitting and receiving funds through the sites.

13. Customers who ordered controlled substances on DWMs from **Shaughnessy** paid for their purchase by transferring cryptocurrency, usually bitcoin, from their DWM customer accounts to one of **Shaughnessy's** vendor accounts.

14. Beginning in or around August of 2017, **Shaughnessy** distributed fentanyl and fentanyl analogues over DWMs to various customers across the United States and abroad. One of the customers that purchased a fentanyl analogue from **Shaughnessy**, overdosed on the substance and died.

15. With the cryptocurrency earned from his customers, **Shaughnessy** would convert his cryptocurrency into fiat currency, by transacting with vendor accounts on DWM sites that were in the business of transferring cryptocurrency into fiat currency. These vendor accounts, would accept cryptocurrency directly from **Shaughnessy** and charge a fee to convert it to fiat. The vendor accounts would then ship physical U.S. currency directly to an address provided by **Shaughnessy**, through interstate commerce utilizing the U.S. Mail and other shipping services.

<u>Count One</u>
Conspiracy to Possess With Intent to Distribute a Controlled Substance and Controlled Substance Analogue
(Violation of 21 U.S.C. § 846)

16.     The Grand Jury realleges and incorporates by reference the allegations contained in paragraphs one through fifteen of this indictment, as if fully set forth herein.

17.     Beginning in or around August 2017, and continuing thereafter, until in or around May 2018, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Sean Shaughnessy**, did knowingly and intentionally combine, conspire, confederate, and agree with others both known and unknown to the Grand Jury to commit the following offenses against the United States:

   a. To distribute and possess with intent to distribute a mixture or substance containing a detectable amount of a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

   b. To distribute and possess with intent to distribute a mixture or substance containing a detectable amount of Fentanyl (fent), a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

All in violation of 21 U.S.C. § 846.

## Count Two
### Distribution of a Controlled Substance
### (Violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C))

18. The Grand Jury realleges and incorporates by reference the allegation contained in paragraphs one through seventeen of this indictment, as if fully set forth herein.

19. In or around September 2017, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Sean Shaughnessy**, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of Fentanyl (fent), a Schedule I controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

<u>Count Three</u>
Distribution of a Controlled Substance Analogue
(Violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C))

20. The Grand Jury realleges and incorporates by reference the allegations contained in paragraphs one through nineteen of this indictment, as if fully set forth herein.

21. In or around November 2017, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Sean Shaughnessy**, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methoxyacetylfentanyl (MAF), a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813.

In violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

Counts Four to Eleven
Money Laundering
(Violation of 18 U.S.C. § 1956(a)(1)(B)(i))

22. The Grand Jury realleges and incorporates by referece the allegations contained in paragraphs one through twenty one of this indictment, as if fully set forth herein.

23. On or about the dates indicated below, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, **Sean Shaughnessy**, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, to wit: distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956 (a)(1)(B)(i).

| Count | Date | Financial Transaction |
|---|---|---|
| Four | 08/21/2017 | Transfer, through the Bitcoin Blockchain, of approximately .604 Bitcoin to a Bitcoin Wallet address controlled by federal agents, in exchange for $2,260.00 in US currency that was shipped by federal agents from New York to the defendant in Dallas, Texas. |
| Five | 08/31/2017 | Transfer, through the Bitcoin Blockchain, of approximately 4.32 Bitcoin to a Bitcoin Wallet address controlled by federal agents, in exchange for $18,380.00 in US currency that was shipped by federal agents from New York to the defendant in Dallas, Texas. |

| Six | 09/07/2017 | Transfer, through the Bitcoin Blockchain, of approximately 3.555 Bitcoin to a Bitcoin Wallet address controlled by federal agents, in exchange for $15,070.00 in US currency that was shipped by federal agents from New York to the defendant in Dallas, Texas. |
|---|---|---|
| Seven | 09/18/2017 | Transfer, through the Bitcoin Blockchain, of approximately 11.95 Bitcoin to a Bitcoin Wallet address controlled by federal agents, in exchange for $40,000.00 in US currency that was shipped by federal agents from New York to the defendant in Addison, Texas. |
| Eight | 10/16/2017 | Transfer, through the Bitcoin Blockchain, of approximately 1.88 Bitcoin to a Bitcoin Wallet address controlled by federal agents, in exchange for $10,000.00 in US currency that was shipped by federal agents from New York to the defendant in Addison, Texas. |
| Nine | 10/23/2017 | Transfer, through the Bitcoin Blockchain, of approximately 2.67 Bitcoin to a Bitcoin Wallet address controlled by federal agents, in exchange for $14,825.00 in US currency that was shipped by federal agents from New York to the defendant in Addison, Texas. |
| Ten | 10/26/2017 | Transfer, through the Bitcoin Blockchain, of approximately 1.819 Bitcoin to a Bitcoin Wallet address controlled by federal agents, in exchange for $10,000.00 in US currency that was shipped by federal agents from New York to the defendant in Addison, Texas. |
| Eleven | 10/30/2017 | Transfer, through the Bitcoin Blockchain, of approximately 1.865 Bitcoin to a Bitcoin Wallet address controlled by federal agents, in exchange for $10,000.00 in US currency that was shipped by federal agents from New York to the defendant in Addison, Texas. |

All in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## Forfeiture Notice
(21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1))

32. Upon conviction for any of the offenses alleged in Counts One through Three of this indictment and pursuant to 21 U.S.C. § 853(a), the defendant, **Sean Shaughnessy**, shall forfeit to the United States of America any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the respective offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the respective offense.

33. Upon conviction for any of the offenses alleged in Counts Four through Eleven of this indictment and pursuant to 18 U.S.C. § 982(a)(1), the defendant, **Sean Shaughnessy**, shall forfeit to the United States of America any property, real or person, involved in the respective offenses and any property traceable to such property, including but not limited to a sum of money equal to the amount of money involved in the offense,.

34. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Eleven of this Indictment, for which the defendant is convicted, cannot be located upon exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which can't be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant, up to the value of the property subject to forfeiture.

A TRUE BILL

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
Sid P. Mody
Assistant United States Attorney
State Bar No. 24072791
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Email: siddharth.mody@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

SEAN MICHAEL SHAUGHNESSY

INDICTMENT

21 U.S.C. § 846
Conspiracy to Possess with Intent to Distribute a Controlled Substance and Controlled Substance Analogue
(Count 1)

21 U.S.C. § 841(a)(1)and (b)(1)(C)
Distribution of a Controlled Substance
(Count 2)

21 U.S.C. § 841(a)(1)and (b)(1)(C)
Distribution of a Controlled Substance Analogue
(Count 3)

18 U.S.C. § 1956(a)(1)(B)(i)
Money Laundering
(Counts 4 to 11)

21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1)
Forfeiture Notice

11 Counts

A true bill rendered

_____
DALLAS                                                  FOREPERSON

Filed in open court this 10 day of April, 2019.

------------------------------------------------------------

**Warrant to be Issued**

------------------------------------------------------------

_____
UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending